UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAVENA WILSON; ESSENCE PARKER, | |
| Plaintiffs, | |
| -against- | No. 25-CV-10431 (KMK) |
| TROOPER BENJAMIN SLOAT; TROOPER P.J. OHLERICH, | ORDER OF SERVICE |
| Defendants. | |

KENNETH M. KARAS, United States District Judge:

Plaintiffs, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, alleging that Defendants violated their federal constitutional rights.  By order dated January 15, 2026, the Court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.  (*See* Dkt. No. 10 (Order Granting IFP Application).)  For the reasons set forth below, the Court (1) directs Plaintiff Shavena Parker to sign the amended complaint; and (2) directs service on Defendants.

## DISCUSSION

### A.    Wilson's Signature

On January 2, 2026, Plaintiffs filed an amended complaint.  (*See* Dkt. No. 8.)  The amended complaint, however, is signed by only Plaintiff Essence Parker; Plaintiff Shavena Wilson did not sign the amended complaint.  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

Plaintiff Shavena Wilson is directed to sign and submit the attached signature page within 30 days of the date of this order.  The signed document must be labeled with the civil docket number 25-CV-10431 (KMK).

If Plaintiff Wilson mails the signature page to the court, or files it in person, she must comply with Rule 11(a) by signing the document.

If Plaintiff Wilson submits the document by email, to ProSe@nysd.uscourts.gov, she may use a digital signature or a typed name with /s/ ("/s/ Shavena Wilson") on the signature line.  *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: "/s/ [Party's Name].").

If Plaintiff Wilson fails to comply with this order within the time allowed, the Court will dismiss her claims without prejudice, and Plaintiff Essence Parker will proceed as the sole plaintiff in this action.

**B.**     **Order of Service**

Because Plaintiffs have been granted permission to proceed IFP, they are entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiffs are proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiffs to effect service on Defendants Troopers Ohlerich and Sloat through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiffs should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their addresses change, and the Court may dismiss the claims of any plaintiff who fails to do so.

### CONCLUSION

Plaintiff Shavena Wilson is directed to sign and submit the attached signature page within 30 days of the date of this order.

The Clerk of Court is directed to issue a summons for each defendant, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiffs.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

3

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 3, 2026
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Trooper P.J. Ohlerich #3014
      New York State Police Troop K
      2541 Route 44
      Salt Point, NY 12578

2.    Trooper Benjamin Sloat #762
      New York State Police Troop K
      2541 Route 44
      Salt Point, NY 12578

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.